UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROL HOOD,

    Plaintiff,

v.                                        CASE NO. 8:19-cv-1377-T-02JSS

FAMILY DOLLAR STORES, INC.,

    Defendant.
_____/

# **O R D E R**

Before the Court is Defendant's motion to dismiss the second count of Plaintiff's amended complaint (Dkt. 14). Rather than a response, Plaintiff filed today an amended complaint (Dkt. 15). After reviewing the allegations (Dkt. 15), the Court finds the deficiencies complained of by Defendant have been cured.

The newly-amended complaint no longer constitutes an impermissible shotgun pleading because Plaintiff has abandoned the second count, which incorporated all the preceding paragraphs of the complaint.[1] Additionally, the

---

[1] *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (articulating four different categories of shotgun pleadings); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases on shotgun pleadings), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

former second count for negligent hiring and negligent supervision or retention suffered from more substantive faults. The facts as initially alleged did not distinguish between a negligent hiring and negligent supervision claim. *Malicki v. Doe*, 814 So. 2d 347, 362 n. 15 (Fla. 2002) (recognizing the need to differentiate between the two negligent claims based on the timing of when employer is charged with knowledge of the employee's unfitness). Nor did the allegations establish the requirement that the employee committed the acts at issue outside the scope of employment. *See Thomas v. City of Jacksonville*, No. 3:13-cv-737-J-32MCR, 2017 WL 3316478, at *10 (M.D. Fla. Aug. 3, 2017).[2]

Accordingly, Defendant's Motion to Dismiss Count II (Dkt. 14) is denied as moot. The Second Amended Complaint (Dkt. 15) shall stand as the operative complaint. Defendant shall file its response within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on September 24, 2019.

      s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

[2] *See also Warner v. CBRE, Inc.*, No: 13-CV-80055-RYSKAMP/ HOPKINS, 2013 WL 12084301, at *3 (S.D. Fla. Dec. 11, 2013); *Santillana v. Fla. State Court Sys.*, No. 6:09-cv-2095-Orl-19KRS, 2010 WL 271433, at *10-11 (M.D. Fla. Jan. 15, 2010).